COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

CHRISTOPHER MARCEL LaFRANCE,             )

                                                                              )             
No.  08-03-00340-CR

Appellant,                          )

                                                                              )                 Appeal from the

v.                                                                           )

                                                                              )             
384th District Court

THE STATE OF TEXAS,                                     )

                                                                              )         
of El Paso County, Texas

Appellee.                           )

                                                                              )            
(TC# 20030D01174)

                                                                              )

 

 

MEMORANDUM  OPINION

 

Christopher Marcel
LaFrance attempts to appeal from a judgment adjudicating him guilty of burglary
of habitation.  Appellant plead guilty to
the offense on June 12, 2003, pursuant to a plea agreement with the State.  The trial court followed the plea agreement
and sentenced Appellant to fifteen years=
imprisonment.  Finding that Appellant has
not complied with Rule 25.2 of the Texas Rules of Appellate Procedure, we
dismiss the appeal.

Rule 25.2(a)(2)
governs the defendant=s
right to appeal in a criminal case.  This
rule provides in part:








A defendant in a criminal case has the
right of appeal under Code of Criminal Procedure article 44.02 and these
rules.  The trial court shall enter a
certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.  In a plea bargain
case--that is, a case in which defendant=s
plea is guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant--a
defendant may appeal only:

 

(A)       those matters that were raised by written
motion filed and ruled on before trial, or

 

(B)       after getting the trial court=s permission to appeal.

 

Tex.R.App.P.
25.2(a)(2).

 

The rule also provides the following:

 

(d)        Certification of Defendant=s Rights of Appeal.  If the defendant is the appellant, the record
must include the trial court=s
certification of the defendant=s
right of appeal under Rule 25.2(a)(2). 
The certification should be part of the record when notice is filed, but
may be added by timely amendment or supplementation under this rule or Rule
34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule
34.5(c)(2).  The appeal must be dismissed
if a certification that shows the defendant has the right of appeal has not
been made part of the record under these rules.

 

Tex.R.App.P.
25.2(d).








Appellant filed a
timely notice of appeal but the notice did not include the trial court=s certification of the defendant=s right to appeal as required by Rules
25.2(a)(2) and 25.2(d).  This Court
notified Appellant=s counsel
on August 8, 2003, that a certification had not been filed and requested that
Appellant file an amended notice of appeal within thirty days or the appeal
would be dismissed pursuant to Rule 25.2(d). 
See Tex.R.App.P.
25.2(d).  By letter dated August 22,
2003, Appellant=s counsel
informed this Court that the trial court was not presented with a certification
form to sign pursuant to Tex.R.App.P.
25.2(a)(2) because it was understood by all parties that Appellant did not have
the judge=s
permission to appeal.[1]  Appellant=s
counsel admits that Appellant has not complied with Tex.R.App.P. 25.2(a)(2). 
Further, Appellant=s
counsel does not intend to file an amended notice of appeal and advises this
Court to dismiss the appeal. 
Accordingly, the appeal is dismissed.

 

 

September 25, 2003

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.

 

(Do Not Publish)











[1]
Tex.R.App.P. 25.2(a)(2) provides
that A[t]he
trial court shall enter a certification of the defendant=s
right of appeal in every case in which it enters a judgment of guilt or other
appealable order.@  We urge the trial courts in criminal cases to
comply fully with Rule 25.2(a)(2) even when it is understood by all parties
that the defendant does not have a right to appeal.